UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. 00-2973 (RJL) |
| ) | |
| FOOD & DRUG ADMINISTRATION, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

S+

## MEMORANDUM ORDER
(March 31, 2009) [#100]

Presently before the Court is Judicial Watch, Inc.'s ("plaintiff") motion for an award of attorney's fees and litigation expenses (hereinafter "fees and expenses") in this action arising under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Because I find that the provision of the statute on which plaintiff relies to support its motion does not have retroactive effect, plaintiff's motion will be DENIED.

### BACKGROUND

Plaintiff filed this lawsuit in December 2000 alleging that defendant Food & Drug Administration ("FDA") had failed to substantially respond to plaintiff's October 2000 FOIA request seeking records regarding the abortion drug mifepristone (a/k/a RU-486). On July 18, 2001, Chief Judge Royce C. Lamberth of this Court granted defendant's motion to stay the proceedings and ordered defendant to produce all releasable documents by October 15, 2001. Defendant complied and thereafter moved for summary judgment, which this Court granted. *Judicial Watch, Inc. v. Food & Drug Admin.*, 407 F.

1

Supp. 2d 70, 73 (D.D.C. 2005). On appeal, the D.C. Circuit reversed in part, holding that defendant had produced an inadequately detailed *Vaughn* index. *Judicial Watch, Inc. v. Food & Drug Admin.*, 449 F.3d 141, 144 (D.C. Cir. 2006). On remand, the FDA produced a revised *Vaughn* index and a batch of records previously withheld. The parties thereafter stipulated to entry of judgment for defendants, which this Court granted. (Minute Order, Jan. 28, 2008.) Plaintiff filed the present motion on March 6, 2008.

## DISCUSSION

Plaintiff's motion is based on § 4(a) of the Open Government Act of 2007 ("OGA"), Pub. L. No. 110-175, 121 Stat. 2524 (2007), which expanded the conditions under which a FOIA plaintiff could recover fees and expenses to include cases where "the complainant has obtained relief through . . . (i) a judicial order . . . or, (ii) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." *Id.* § 4(a), 121 Stat. at 2525, *codified at* 5 U.S.C. § 552(a)(4)(E). Plaintiff concedes that it is not eligible for fees and expenses based on the law as it existed before the OGA's enactment.[1] (Pl.'s Reply at 4, n.1 [Dkt. #105]). Accordingly, whether plaintiff is now eligible turns, at the outset, on whether § 4(a) of the OGA applies retroactively.[2] Notably, three other judges in this district have recently passed on this

---

[1] Before the OGA's enactment, a plaintiff could only be awarded fees and expenses under FOIA if they had "been awarded some relief by a court, either in a judgment on the merits or in a court-ordered consent decree." *Oil, Chemical & Atomic Workers Intern. Union, AFL-CIO v. Dep't of Energy*, 288 F.3d 452, 456-57 (D.C. Cir. 2002) (following *Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001)) (internal quotation marks omitted).

[2] Even if the Court were to find that the changes set forth in § 4(a) of the OGA applied retroactively, which it does not, the Court would still need to weigh the following four factors to determine if an award is appropriate: "(1) the public benefit derived from the case; (2) the

2

same issue: Chief Judge Lamberth in *Judicial Watch, Inc. v. Bureau of Land Mgmt.*, 562 F. Supp. 2d 159, 166 (D.D.C. 2008), held that the provision does apply retroactively, while Judge Walton in *NYC Apparel F.Z.E. v. U.S. Customs & Border Prot. Bureau*, 563 F. Supp. 2d 217, 227 (D.D.C. 2008), and Judge Kennedy in *Davis v. Dep't of Justice*, No. 88-130, 2009 WL 755192, at *1 (D.D.C. Mar. 24, 2009), both held that it does not. For the following reasons, I concur with Judges Walton and Kennedy and hold that it does not.

The Supreme Court in *Landgraf v. USI Film Prods.*, 511 U.S. 244, 273 (1994), recognized the tension that exists between the "long embraced . . . presumption against statutory retroactivity" and the similarly long-embraced notion "that, in many situations, a court should 'apply the law in effect at the time it renders its decision.'" *Id.* (quoting *Bradley v. School Bd. of Richmond*, 416 U.S. 696, 711 (1974)). Thus, in ordinary circumstances,

> in order to determine whether a statute has retroactive effect, the court first "must ask whether the new provision attaches new legal consequences to events completed before its enactment." [*Landgraf*, 511 U.S. at 269]. If not, then the court "is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary." [*Bradley*, 416 U.S. at 711].

*Brown v. Sec'y of the Army*, 78 F.3d 645, 648 (D.C. Cir. 1996). Here, plaintiff contends that the attorney's fee provision in the OGA does not attach new legal consequences to past events, but rather, is "collateral to the main cause of action." *Landgraf*, 511 U.S. at

---

commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) whether the Government had a reasonable basis for withholding requested information." *Burka v. U.S. Dep't of Health & Human Servs.*, 142 F.3d 1286, 1288 (D.C. Cir. 1998).

277 (citation omitted). Accordingly, given that "neither the [OGA] nor its legislative history contain a clear indication as to whether the [OGA] should operate retroactively," (Pl.'s Reply at 1-2), plaintiff contends that it is eligible for fees and expenses pursuant to § 4(a) of the OGA because it is the law in effect at the time of this Court's decision, (Pl.'s Mot. at 7-8 [Dkt. #100]). *See, e.g., Bradley*, 416 U.S. at 711, 724 (plaintiffs in desegregation action entitled to retroactive application of statute authorizing attorney's fees despite lack of clear legislative intent).

Defendant, conversely, contends that because the United States' sovereign immunity is implicated, a stricter standard must be applied. (Def.'s Opp'n at 10-11.) I agree. As Judge Walton explained, the provision at issue here "expands the scope of the government's waiver of sovereign immunity by broadening the circumstances under which a plaintiff in a FOIA case can recover attorney's fees." *NYC Apparel F.Z.E.*, 563 F. Supp. 2d at 227 (citing *In re Jordan*, 45 F.2d 1574, 1576 (D.C. Cir. 1984)). As a general matter, courts must construe statutes waiving sovereign immunity strictly, and such a waiver "is to be read no more broadly than its terms require." *Brown*, 78 F.3d at 649. In *Brown*, our Circuit Court expressly distinguished the "play-it-as-it-lies" principle of retroactivity for "collateral" matters set forth in *Bradley*, and affirmed in *Landgraf*, noting that the United States' sovereign immunity was not implicated in *Bradley*. *Id.* at 649, 651. Our Circuit Court then concluded that when sovereign immunity is implicated, as it is here, "the rule of strict construction displaces the *Bradley* analysis." *Id.* at 654 (holding that provision of Civil Rights Act of 1991 awarding interest on attorney's fees and costs awarded under Title VII did not apply retroactively against the U.S. Army for

want of specific indication that Congress intended retroactive effect); *see also Trout v. Sec'y of the Army*, 317 F.3d 286, 289-90 (D.C. Cir. 2003). Like Judge Kennedy, I conclude that *Brown* dictates the outcome here. *Davis*, 2009 WL 755192, *3. As plaintiff concedes, Congress has provided no clear indication that § 4(a) of the OGA should operate retroactively. (Pl.'s Reply at 1-2.) Accordingly, because the Court must construe waivers of sovereign immunity strictly, the Court holds that § 4(a) of the OGA, as codified at 5 U.S.C. § 552(a)(4)(E), does not apply retroactively to authorize an award of fees and expenses for plaintiff in this case. Therefore, it is hereby

**ORDERED** that plaintiff's Verified Motion for an Award of Attorney's Fees and Litigation Expenses [Dkt. #100] is DENIED.

**SO ORDERED.**

RICHARD␣L.␣LEON
United States District Judge